# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| **KROY IP HOLDINGS, LLC**<br><br>    **Plaintiff,**<br>            v.<br><br>**AUTOZONE, INC.,**<br><br>    **Defendant.** | Civil Action No. 2:13-cv-888<br><br>**JURY TRIAL DEMANDED** |

## ORIGINAL COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff Kroy IP Holdings, LLC, ("Plaintiff"), by and through its undersigned counsel, files this Original Complaint for patent infringement against Defendant AutoZone Inc. ("AutoZone" or "Defendant") as follows:

## NATURE OF THE ACTION

1.  This is a patent infringement action to stop Defendant's infringement of Plaintiff's United States Patent No. 7,054,830 entitled "System and Method for Incentive Programs and Award Fulfillment" (the "'830 patent"; a copy of which is attached hereto as Exhibit A). Plaintiff is the legal owner of all of the rights under the '830 patents to bring this infringement against the Defendant. Plaintiff seeks injunctive relief and monetary damages.

## PARTIES

2.  Plaintiff Kroy IP Holdings, LLC ("Plaintiff") is a Limited Liability Company organized under the laws of the State of Delaware and is located at 301 South Fremont Avenue, Suite 300, Baltimore, Maryland 21230. Plaintiff is the sole owner of the '830 patent, which includes the right to exclude the Defendant from making, using, selling, offering to sell,

advertising or importing the patented invention(s) of the '830 patent and the right to sublicense the '830 patent, collect damages and sue for infringement and recover past damages.

3. Upon information and belief, Defendant AutoZone Inc. ("AutoZone" or "Defendant") is a corporation organized and existing under the laws of the State of Nevada, with its principal place of business located at 123 South Front Street, Memphis, Tennessee 38103. AutoZone may be served with process by serving their registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange St. Wilmington, DE 19801.

## JURISDICTION AND VENUE

4. This action arises under the Patent Laws of the United States, 35 U.S.C. § 1 *et seq.*, including 35 U.S.C. §§ 271, 281-285. This Court has subject matter jurisdiction over this case for patent infringement under 28 U.S.C. §§ 1331 and 1338(a).

5. Upon information and belief, Defendant has transacted business and committed acts of infringement within the State of Texas, and more importantly, within this District, and is subject to the personal jurisdiction of this Court. The Court has personal jurisdiction over Defendant because upon information and belief: Defendant has minimum contacts within the State of Texas and the Eastern District of Texas; Defendant has purposefully availed itself of the privileges of conducting business in the State of Texas and in the Eastern District of Texas; Defendant has sought protection and benefit from the laws of the State of Texas; Defendant regularly conducts business within the State of Texas and within the Eastern District of Texas; and Plaintiff's causes of action arise directly from Defendant's business contacts and other activities in the State of Texas and in the Eastern District of Texas.

6. Upon information and belief, Defendant has made, used, offered for sale, imported, sold, or advertised, and continue to make, use, offer to sell, import, sell, or advertise,

online products and services that infringe one or more claims of the '830 patent. More specifically, Defendant, directly and/or through intermediaries, makes, uses, sells, ships, distributes, offers for sale, or advertises its products and services in the United States, the State of Texas, and the Eastern District of Texas. Upon information and belief, Defendant has committed patent infringement in the State of Texas and in the Eastern District of Texas, has contributed to patent infringement in the State of Texas and in the Eastern District of Texas, and/or has induced others to commit patent infringement in the State of Texas and in the Eastern District of Texas. Defendant solicits customers in the State of Texas and in the Eastern District of Texas. Defendant has many paying customers who are residents of the State of Texas and the Eastern District of Texas and who each use Defendant's products and services in the State of Texas and in the Eastern District of Texas.

7. Venue is proper in this District pursuant to 28 U.S.C. §§ 1391 and 1400(b).

## COUNT I – PATENT INFRINGEMENT

8. On May 30, 2006, the United States Patent and Trademark Office duly and legally issued the '830 patent to the inventors York Eggleston and Andrey Ukhov. York Eggleston and Andrey Ukhov assigned all rights, title and interest in and to the '830 patent to Kroy IP Holdings, LLC including the right to exclude the Defendant from making, using, selling, offering to sell, advertising or importing the patented invention(s) of the '830 patent, and the right to sublicense the '830 patent, collect damages and initiate lawsuits against the Defendant. The '830 patent is in full force and effect.

9. Defendant owns, operates, advertises, controls, sells, and otherwise provides a rewards and incentive program that infringes the '830 patent. The '830 patent provides, among other things, a method "for providing an incentive programs and automating award fulfillment,

comprising: providing a host computer; providing an incentive program on the host computer, wherein a participant may participate in said incentive program; providing a database of awards on the host computer associated with the incentive program; and providing automated award fulfillment of said awards to participants, including providing communication with an inventory management system associated with each of a plurality of providers wherein said automated award fulfillment comprises providing sponsor-selected fulfillment comprising providing a sponsor-selected specific award unit item, providing said sponsor-selected specific award unit item tailored according to demographic and psychographic preferences of a sponsor-selected consumer user, and providing a sponsor-selected geographic location for fulfillment."

10.     Upon information and belief, the Defendant has infringed and continue to infringe one or more claims of the '830 patent by making, using, providing, offering to sell, advertising and/or selling (directly or through intermediaries), in this District and elsewhere in the United States, infringing products and services.  Defendant infringes by providing an incentive program to shoppers who can then redeem accumulated points for automated award fulfillment at locations selected by Defendant. Upon information and belief, the Defendant has also contributed to the infringement of one or more claims of the '830 patent, and/or actively induced others to infringe one or more claims of the '830 patent, in this District and elsewhere in the United States.

11.     Defendant infringes the '830 patent by offering online and in-store incentive programs, products, and services designed to incentivize buying with redeemable prizes, awards, and benefits offered by the Defendant and/or participating businesses.  Specifically, Defendant, through the use of its online database, allows customers to "log in" to Defendant's computers to keep track of their accumulated "points" (calculated based on qualifying purchases) and/or load

coupons on to their "Rewards or Loyalty Cards" and/or maintain their customer profile. Customers can use their computers, coupled with the internet, to register for the incentive program or to otherwise maintain an account associated with their incentive member identification number. Using the application software provided by the Defendant through its website, customers create unique accounts associated with their incentive member identification number. Customers communicate their personal information, including geographic location, and/or birthdate in setting up their account. Through this application, and its graphical user interface, customers can keep track of points, access the rules of the program, find ways to redeem points, and make changes to their incentive account.

12. Defendant infringes the '830 patent by enabling the host computer's program to provide functionality and populate reward fulfillment options based on the database of information. Through this system, specific award item(s) pre-selected by the Defendant are generated based on the customer's demographic and psychographic preferences. Specific award item(s) are offered according to these preferences and then offered in relation to the customer's geographic location, in further infringement of the '830 patent.

13. Defendant's aforesaid activities have been without authority and/or license from Plaintiff.

14. Defendant also has infringed under 35 U.S.C. § 271(b) by inducing infringement of the patents in the State of Texas, in this judicial district, and elsewhere in the United States, by, among other things, performing certain steps of the methods claimed by the '830 patent, and advising, encouraging, or otherwise inducing others to perform the remaining steps claimed by the patents to the injury of Kroy. For example, Defendant has configured the incentive program application to be accessed and utilized by most computers, inducing others to perform steps

claimed thereby infringing on the '830 patent. Since at least the filing date of this Complaint, Defendant has had knowledge of the patent, and by continuing the actions described above, has had specific intent to induce infringement of the '830 patent pursuant to 35 U.S.C. § 271(b).

15. Plaintiff is entitled to recover from the Defendant the damages sustained by Plaintiff as a result of the Defendant's wrongful acts in an amount subject to proof at trial.

16. Upon information and belief, the infringement of one or more claims of the '830 patent by the Defendant is willful and deliberate from the time Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest. Upon information and belief, the inducement and contributory infringement of one or more claims of the '830 patent by the Defendant is willful and deliberate from the time Defendant became aware of the infringing nature of their actions, which is the time of filing of Plaintiff's Original Complaint at the latest. As a result, Plaintiff is entitled to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285 with respect to the Defendant.

17. Defendant's infringement of Plaintiff's rights under the '830 patent will continue to damage Plaintiff, causing irreparable harm for which there is no adequate remedy at law, unless enjoined by this Court.

## JURY DEMAND

18. Plaintiff demands a trial by jury on all issues.

## PRAYER FOR RELIEF

Plaintiff Kroy IP Holdings, LLC, respectfully requests the following relief:

A. An adjudication that the Defendant has infringed and continues to infringe claims of the '830 patent;

B.     An award to Plaintiff of damages adequate to compensate Plaintiff for the Defendant's acts of infringement together with prejudgment interest;

C.     An award of enhanced damages, up to and including trebling of Plaintiff's damages pursuant to 35 U.S.C. § 284 for willful infringement by the Defendant;

D.     An award of Plaintiff's costs of suit and reasonable attorneys' fees pursuant to 35 U.S.C. § 285 due to the exceptional nature of this case, or as otherwise permitted by law with respect to the Defendant;

E.     A grant of permanent injunction pursuant to 35 U.S.C. § 283, enjoining the Defendant from further acts of (1) infringement, (2) contributory infringement, and (3) actively inducing infringement with respect to the claims of the '830 patent; and

F.     Any further relief that this Court deems just and proper.

Dated: October 30, 2013                    Respectfully submitted,

By: */s/ Austin Hansley*
**AUSTIN HANSLEY P.L.L.C.**
Austin Hansley
Texas Bar No.: 24073081
5050 Quorum Dr. Suite 700
Dallas, Texas 75254
Telephone:   (469) 587-9776
Facsimile:   (855) 347-6329
Email: Austin@TheTexasLawOffice.com
www.TheTexasLawOffice.com
**ATTORNEY FOR PLAINTIFF**
**KROY IP HOLDINGS, LLC**